**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON**

| | | |
|---|---|---|
| **ATOWNA D. REDMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CASE NO. _____ |
| | ) | |
| **NORFOLK SOUTHERN RAILWAY** | ) | |
| **COMPANY, a corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

**I.  PARTIES AND JURISDICTION**

1. The Plaintiff, Atowna D. Redman, is a resident of Covington, Kentucky.

2. The Defendant, Norfolk Southern Railway Company, is a foreign corporation which conducts business in Covington, Kentucky.

3. The Defendant, Norfolk Southern Railway Company, is a common carrier by railroad engaged in the business of operating a railroad in interstate commerce for hire for the purpose of carrying freight in interstate commerce.

4. The Plaintiff, Atowna D. Redman, at all times referred to herein, was an employee of the Defendant, Norfolk Southern Railway Company, and were acting within the line and scope of her employment for the Defendant.  The Plaintiff's duties of employment for the Defendant were in furtherance of interstate commerce or directly or closely affected interstate commerce.

5. The Plaintiff's claims against the Defendant are brought pursuant to the provisions of the Federal Employers' Liability Act, 45 U.S.C., §51, et seq.  This Court has

federal question jurisdiction pursuant to 28 U.S.C. §1331, in that this is an action arising under the laws of the United States.

6. The incident which is the subject of this action occurred in Sharonville, Ohio.

## II.  FACTS

7. On November 14, 2010, the Plaintiff, Atowna D. Redman, was assigned to work as a remote control operator on a Norfolk Southern train working out of Sharonville, Ohio.  Ms. Redman was working with a fellow remote control operator who was an employee of Norfolk Southern Railway Company.

8. After working for approximately seven hours that day, Ms. Redman and her crew were making a shoving move on track EV02 in Sharonville in order to couple to other cars.  Ms. Redman was seated in her chair on the locomotive engine.  The movement was being controlled, with a remote control device, by her fellow crew member.  As her locomotive engines began slowing down for what should have been a controlled "safety stop", Ms. Redman got out of her seat and walked towards the door of the engine to prepare for her next move.

9. Instead of coming to a controlled stop, Ms. Redman's engines and cars violently collided with another cut of cars.  Ms. Redman was thrown through the door of the engine and landed on the steel walkway.  She suffered severe and permanent injuries.

## III.  FIRST CAUSE OF ACTION

10. The Plaintiff avers that all of her above mentioned injuries and damages were proximately caused, in whole or in part, by the negligence of the Defendant, Norfolk Southern Railway Company, its agents, servants, or employees while acting within the line

and scope of their employment for said defendant or by reason of a defect or insufficiency due to its negligence in its remote control boxes, training practices, and safety practices at the time and place where the Plaintiff suffered her above mentioned injuries and damages.

## IV.  SECOND CAUSE OF ACTION

11. The Plaintiff further avers that all of her injuries and damages were caused, in whole or in part, by the negligent failure of the Defendant, Norfolk Southern Railway Company, to use reasonable care to provide to the Plaintiff a reasonably safe place for the Plaintiff to perform her work and labor for said defendant.

## V.  THIRD CAUSE OF ACTION

12. All of the Plaintiff's injuries and damages were proximately caused, in whole or in part, by a violation by the defendant railroad of that Act of Congress commonly referred to as the Boiler Inspection Act or Locomotive Inspection Act, 49 U.S.C. § 20701, in that the defendant railroad allowed a locomotive to be used on its railroad line when its parts and appurtenances were not in proper condition and safe to operate without unnecessary danger of personal injury.

## VI.  DAMAGES

13. The Plaintiff avers that as a result of the injuries she has suffered she seeks to recover the following elements of damages:

    (1)    Past and future lost wages and fringe benefits;

    (2)    Past and future medical expenses;

    (3)    Past and future physical pain and mental anguish;

  (4) Inability to carry out the usual and normal activities of life;

  (5) Permanent physical disability; and

  (6) They were otherwise injured.

14. As damages, the Plaintiff seeks to recover a sum to fully and fairly compensate her for her injuries. The Plaintiff's damages and the amount she seeks to recover is in excess of Five Hundred Thousand ($500,000.00) Dollars.

## VII.  JURY DEMAND

15. The Plaintiff demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff brings this Complaint against the Defendant and requests this Honorable Court to enter a judgment in excess of Five Hundred Thousand ($500,000.00) Dollars and request all other relief, both general and special, as mandated by the premises, and as justice may require. Your Plaintiff also demands a jury to try this case.

           *s/James H Wettermark*
           James H. Wettermark
           Wettermark & Keith, LLC
           2101 Highland Avenue S., Suite 700
           Birmingham, AL 35205
           205-933-9500
           205-212-9500 (facsimile)
           james@wkfirm.com